# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID THOMPSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV415-064 |
| UNITED STATES OF AMERICA, | ) ) | CR413-166 |
| Respondent. | ) ) | |

# ORDER

One year ago, David Thompson moved to vacate his conviction for possession of a firearm by a convicted felon. He claimed, among other things, that his attorney failed to file a requested appeal. Doc. 23 at 4.[1] The Government conceded the issue's viability (doc. 32 at 16-17), so the Court appointed counsel to represent him at an evidentiary hearing. Docs. 34, 37. But then the parties "agreed to forego [it] in favor of permitting Thompson to take his desired out-of-time direct appeal." Doc. 49 at 1.

That appeal went nowhere because the Eleventh Circuit granted the Government's motion to dismiss based on Thompson's plea

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

agreement's appeal waiver. Doc. 47. Now, Anderson has moved this Court to clarify the scope of his representation. Doc. 48. In particular, he wants to know whether he should re-brief Thompson's § 2255 motion and/or prepare objections to any future denial recommendation by the undersigned. *Id.* at 2-3.

The Court's orders appointing counsel defined the scope of Anderson's representation. Initially, the Court "schedule[d] an evidentiary hearing on Thompson's lost appeal issue," and "reserve[d] consideration of the remaining § 2255 issues pending the outcome of that hearing." Doc. 34 at 4. At that point, Anderson was to advocate on the appeal issue alone. After the parties came to an agreement on the appeal, the Court expanded the representation to include Thompson's direct appeal. Doc. 37.

Once that appeal ended, so did Anderson's representation. Nothing in either order suggested that it extended to advocating issues remaining in Thompson's § 2255 motion after his direct appeal. Nevertheless, Anderson's uncertainty is understandable, given the unique path this case trod to date (a claim surviving preliminary review, the government waiving an evidentiary hearing and consenting to an out-of-time direct

appeal, then its successful motion to dismiss it). So, in addition to providing the clarification requested, the Court also construes Anderson's filing as a motion to appoint counsel.

"Rule 8(c) of the Rules Governing § 2255 Proceedings provides that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)[.]" *Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001). Before the hearing stage, however, "federal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial evaluation." *Id.* (citing *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969)).

Only Thompson's lost appeal claim has undergone that evaluation. When it appointed Anderson, the Court expressly reserved all remaining issues in the § 2255 motion until after the evidentiary hearing. *See* doc. 34 at 4. That hearing never took place because of the parties' agreement, and Thompson's subsequent appeal eliminated this Court's jurisdiction to address his motion until after the appeal concluded. *See United States v. Rochell*, 537 F. App'x 912, 912 (11th Cir. 2013) ("The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the

3

district court of its control over the aspects of the case involved in the appeal. Thus, when an appeal is filed, the district court is divested of jurisdiction to take any action with regard to the matter except in the aid of the appeal.") (internal cites omitted). That happened less than one month ago and the Court has not yet considered the remaining issues.

Consequently, Thompson is not entitled to counsel at this time. If after preliminarily reviewing the remaining issues in his motion the Court decides one or more merit a hearing, it will appoint counsel pursuant to Rule 8(c) at that time. Hence, David Thompson's implied motion to appoint counsel (doc. 48) is **DENIED**.

**SO ORDERED**, this  3rd   day of March, 2016.

                                                    UNITED STATES MAGISTRATE JUDGE
                                                    SOUTHERN DISTRICT OF GEORGIA